IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED: **8/3/07**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:07-CR-67 |
| | § | |
| SHAWN DAVID HARPER | § | |

## REPORT AND RECOMMENDATION RE: DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On June 14, 2007, the court ordered a psychiatric exam to determine if defendant was suffering from a mental disease or condition, or was in need of any medications for treatment of such disease. Docket No. 24. Defendant subsequently received an evaluation by Dr. Edward Grippon at the Liberty County Correctional Facility on July 14, 2007. On July 27, 2007, Dr. Grippon, returned a copy of his psychiatric report.

The psychiatric report concludes that in the opinion of Dr. Grippon, defendant is competent to stand trial, and has a rational as well as factual understanding of his current legal difficulty. Dr. Grippon reports that defendant has sufficient ability to

communicate with his attorney with a reasonable degree of rational understanding. Dr. Grippon does note that defendant has a borderline IQ, and that the legal issues and possible pleas will need to be explained in simplistic and understandable terms. Dr. Grippon does not think that defendant requires any medication at this time.

A competency hearing was conducted on August 2, 2007.[1]  At the hearing, defendant appeared in court with counsel, Rife Scott Kimler, Esq..  The court admitted into evidence the psychiatric report detailing the results and findings, and both the government and defense counsel indicated no objections to the findings, conclusions and recommendation in the report.

The undersigned therefore concludes that defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960).

---

[1] Courts differ on whether defendants' competency determinations are within a magistrate judge's dispositive authority.  Compare United States v. Hamilton, 107 F.3d 499 (7th Cir. 1997) (Magistrate Judge Goodstein determined competency of defendant to stand trial) with United States v. Robinson, 253 F.3d 1065 (8th Cir. 2001)(magistrate judge issued report and recommendation to district judge regarding defendant's competency to stand trial).
    Absent explicit instructions from the governing United States Court of Appeals for the Fifth Circuit on this issue, to fully preserve the prerogative of the district judge to whom this case is assigned, and to provide adversely-affected parties with equal opportunity for review, the undersigned elects to submit a report and recommendation, rather than rule on the matter.

## RECOMMENDATION

The court should find defendant competent to stand trial because he understands the proceeding against him and has the ability to assist his attorney under Title 18, United States Code, Section 4241.

## OBJECTIONS

Title 28 USC § 636 normally gives parties ten (10) days to object to recommendations submitted by magistrate judges. However, as the parties have agreed that defendant is competent, and this report recommends that defendant be found competent, the court may act on the report and recommendation immediately.

SIGNED this  3  day of August, 2007.

*Earl S. Hines*
Earl S. Hines
United States Magistrate Judge